# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KEDRIC HARRIS, #R-45636,** | ) |
|        **Plaintiff,** | ) |
| vs. | ) CIVIL NO. 10-cv-898-JPG |
| **RANDY STEPHENSON,** | ) |
| **LEE RYKER,** | ) |
|        **Defendants.** | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that the claims in the complaint may be dismissed at this point in the litigation.

**Facts:**

The following version of the facts of this case are gleaned from Plaintiff's complaint (Doc. 1). At an unspecified time Plaintiff's security risk was elevated by Defendants Stephenson and Ryker. This elevation has caused Plaintiff to be housed with similarly-elevated inmates, and to be denied access to certain grants and programs offered to inmates with lower security risks.

**Discussion:**

Plaintiff alleges that his heightened security classification without receiving a hearing has denied him due process of law. However, classifications of inmates implicates neither liberty nor property interests. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Meachum v. Fano*, 427 U.S. 215 (1976). Therefore, Plaintiff has no constitutional right to a particular security classification. *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). If the state elected to recognize such a right, then he would have an enforceable claim under the Fourteenth Amendment. *Smith v. Shettle*, 946 F.2d 1250, 1252 (7th Cir.1991). However, Plaintiff does not allege that the state has created a right to a particular security classification, and the Court is not aware of any such right. Because Plaintiff does not have a right to a certain security classification, he has not stated a claim upon which relief can be granted. Defendants Stephenson and Ryker are dismissed from this action with prejudice.

**Disposition:**

**IT IS HEREBY ORDERED** that Defendants **STEPHENSON** and **RYKER** are

**DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED**, with prejudice, pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: March 10, 2011**

      *s/J. Phil Gilbert*
      **United States District Judge**